## Saylor *against* Kocher.

Devise to testator's wife of " her residence during life, which is to be taken out of the premises which I now dwell on," with an annual allowance for her maintenance; then to his two sons, G. and E., subject to the payment of certain legacies, 'all his leasehold estate of and in all those messuages situate in the aforesaid township and county. The testator had no other real estate than the one in dispute, and his son G. was farming the land under a contract with his father in nature of a lease. *Held,* that G. and E. took a fee in the land.

AN amicable action was entered in the Common Pleas of *North-ampton* county, in the name of George Kocher and Edward Kocher, against Jacob Saylor, trustee of Catharine Kocher, a lunatic, Jacob Saylor, guardian of Juliana Kocher, and Philip Roth, guardian of Sarah Ann Roth; and a case was stated for the opinion of the court, to be considered in the nature of a special verdict, with liberty to either party to have a writ of error.

It was agreed that John Kocher, late of Bethlehem township, Northampton county, on the 20th of January 1841, and from thence until his death, was seised in fee of a tract of land in said township, containing 109 acres or thereabouts; and on the 20th of January 1841, made his last will and testament in the following words:

" I, John Kocher, considering the uncertainty of this my mortal life, and being of sound mind and memory, (blessed be the Lord *of* the same), do make and publish this my last will and testement, in manner and form following, viz: first, I give and bequeath unto my beloved wife, Sarah Kocher, her residence during her life—*wihich* is to be *taking* out of the *primises* which I now dwell on, that is to say, she the said wife is to have *fourty* bushels of rye per year, and every year during her lifetime, and fifteen bushels of wheat each and every year, as much corn as to *ceep* two *swine*, and fatten them thereon, *wihich* must at least each *wheigh* two hundred pounds; and I give unto my wife two cows and three sheep, which must be *cept* as if *there* own, both cows and *and* sheep; and I likewise give unto my wife, a certain mare, which now *belongs* to me, and I give *unto* her the *choise* of two *beads* and *beadsteds,* and house clock, corner *coverd,* and all the contents therein, and the stove which now stands in my room, and the drawer in the same room, and the *dinning* table in the same room, one-half dozen of chairs, the *choise* thereof, and the kitchen dresser, and the copper *kittle,* and as much kitchen furniture as she chooses to her own use and behoof. And I give and bequeath unto my two sons, George and Edward, all my *leasehold* estate, of and in all those messuages situate in the aforesaid township

and county, equally to be devided *betwen* them, that is to say in manner, that the aforesaid George and Edward shall pay therefore $1500, that is to say, that one thousend dollars out of the aforesaid sum, is to stand as a *lean* on the aforesaid premises, *whitch* the interest of six per cent. must be pa*y*d per year, and every year, for the ceeping of my daughter *Cathrine* her lifetime, and after the *decese* of my daughter *Cathrine* the aforesaid thousend dollars is to be pa*y*d by my executors to my daughter *Julyan*, $600, and to the grandchild Sarah *an* Roth, $400, which is a coming to her as her mother's portion, Elizabeth Kocher, now the wife of William Roth, *witch* wife is *decest ;* and the remainder of the aforesaid $1500, that is to say, after my *leagle* debts are pa*y*d, then the remainder of the $500 are to be pa*y*d in like *sheers*, and *sheers* alike, to my daughter Julyan, and my grandchild Sarah *an* Roth, that is to say, $100, one year after my decese, and so on every year on till pa*y*d, the without interest*i* thereof; and further, I do hereby set my two sons, George and Edward Kocher, as my executors, in this my last will and testement; and further, after all my *utentials* which belongs to me, not mentioned in this my last will, and sale thereof made, and my *leagle* debts are pa*y*d, then the remainder thereof my two sons George and Edward is to ceep to themselves, and no *sheere* to be given thereof."

It was agreed, that the testator neither owned nor possessed any other real estate, and neither at the date of said will, nor at any time afterward, owned or held any leasehold estate or interest in any land.

It was agreed that at the date of the will, and at the time of the testator's death, the said land was farmed by the testator's son George, under a verbal contract, from year to year, that George should farm the place and render to the testator one-half of the winter grain and one-third of the summer grain, (George owning a part of the stock and implements of husbandry, and the testator a part of the same). The plaintiffs and the defendants, (who are herein represented by their trustee and guardians), are the heirs of the said John Kocher, and are the same persons who are named in the will as devisees and legatees. And the question to be decided is, what estate is given to the said George Kocher and Edward Kocher, by the will. If the court shall be of opinion that George and Edward take an estate in fee simple, then judgment to be entered for the plaintiffs; on the contrary, if the court shall be of opinion that George and Edward do not take an estate in fee simple, then judgment to be entered for the defendants.

The court rendered judgment in favour of the plaintiffs, which the defendants assigned for error.

*Reeder*, for the plaintiff in error.

The quantity of interest which the testator intended to convey

[Saylor v. Kocher.]

was only a leasehold. By employing that word, he must be considered as understanding its technical meaning. *Ram on Wills* 268; *Lovelass on Wills* 275. If he had no such estate to devise, nothing passes by the will. If it be left uncertain what the testator meant by "those messuages situate in the aforesaid township and county," the devise will be void for uncertainty. 4 *B. & Ald.* 787, (24 *E. C. L.* 164). In 3 *Taunt.* 147, the will was construed without reference to parol evidence. Lord Ellenborough, in 9 *East* 460, said he would look only to the face of the will. A leasehold estate excludes the idea that a fee simple was intended to be passed. Personal charges in a devise, as for the payment of legacies, cannot alter the nature or quantity of an estate already sufficiently certain, so as to enlarge or diminish it. *Denn* v. *Slater*, (5 *T. R.* 335); *Cow.* 838.

*Ihrie* and *Porter, contra.*

A freehold estate may pass under the name of leasehold, if such appear on the face of the will to be the intention, there being no other property to answer the description. *Denn* v. *Kemys*, (9 *East* 375); 11 *East* 249. The premises on which he then lived, are certainly the same which the testator calls *those messuages*: he speaks of no other property than that situate in Bethlehem township, and of which he was seised in his demesne as of fee. An estate in fee simple was given by implication. An acceptance of a devise of land charged with an absolute payment of money, creates a personal liability for its payment on the part of the devisee. *Lobach's Case*, (6 *Watts* 167); 2 *Pow. Dev.* 377. And where the charge is personal, the devisee takes a fee. 10 *John.* 148; 18 *Ib.* 31. It is otherwise where the charge is made on the estate alone and there are no words of limitation, for the devisee takes but an estate for life.

The opinion of the Court was delivered by

GIBSON, C. J.—In *Denn* v. *Kemys*, (9 *East* 375), it was certainly supposed that freehold may pass by the name of leasehold where there is no other property to answer the description; and the same principle was applied in *Knotsford* v. *Gardiner*, (2 *Atk.* 450), to the word estate, which, though it properly comprehends only freehold, was thought to pass leasehold because there was nothing else for its operation. Now, beside the admitted fact that the testator had no other real estate than that which is the subject of the present contest, there is enough on the face of the will to designate it as the subject of this devise. He begins by giving to his wife what he calls her residence on the premises "*in which he then dwelt*," with an annual allowance for her maintenance out of the produce of the farm, and also particular articles of household furniture. He then devises to his two sons, George and Edward, subject to the payment of certain legacies, all his leasehold estate

[Saylor v. Kocher.]

" of and in all *those* messuages situate in the aforesaid township and county." What messuages? Certainly those of which he had just then been speaking by the name of the premises in which he dwelt. He knew just as much, and no more, of the technical import of the word leasehold, as he did of the technical import of the word messuages, which was supposed by him to include, not only the houses on the farm, but the farm itself. Can it be doubted, then, that the devise has regard to this land; or that he intended to pass the fee, when it is considered that the devisees were burthened with the payment of legacies? The word leasehold is sufficient to pass a fee where the intent is clear; and here it was used as matter of false description evidently, because the devisor's son George was farming the land under a contract with his father in the nature of a lease. The father therefore spoke of the land as leasehold in relation to George's interest in it, and not his own. As we have a case of clear intention, then, and words sufficiently apt, we are able to pronounce, without straining a principle, that the devisees took a fee.

Judgment affirmed.